UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CAPITAL CROSSING BANK, a Massachusetts Trust Company,<br><br>    Plaintiff,<br><br>    vs.<br><br>NORTHEAST GENERAL PARTNERSHIP, a Washington general partnership, et al.,<br><br>    Defendants. | NO. 06-CV-0088-JLQ<br><br>ORDER RE: PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS TRUSTEE DEFENDANTS |

     BEFORE THE COURT is Plaintiff's Motion to Voluntarily Dismiss Trustee Defendants. (Ct. Rec. 25). Previously, Plaintiff filed a Stipulation of Dismissal as to Trustee Defendants (Ct. Rec. 21). Because there was neither a Motion to Dismiss nor an affidavit concerning the status of service upon the Defendants being dismissed who were not parties to the Stipulation, this court filed an Order Dismissing Trustee Defendants, (Ct. Rec. 22), subject to an assumption that the non-stipulating Defendants the Plaintiff proposed to dismiss were neither served nor had answered. However, the court instructed that if any of the Defendants being dismissed had been served or had answered, the Plaintiff needed to serve and file an appropriate motion and affidavit. As service of process was apparently completed upon Trustee Defendants Washington Mutual Bank and Bank of America, Plaintiff has now filed a Motion to Voluntarily Dismiss Trustee Defendants and the Declaration of Renea I. Saade in Support of Plaintiff's Motion to Dismiss Trustee Defendants as instructed. (Ct. Rec. 25 & 27).

     Per attorney Renea I. Saade's Declaration, the court is informed of the following: The remaining Trustee Defendants -- Global Fitness, Inc., Gambill & Gambill, Jan-Michael Gambill doing business as XK Collectibles, Gambill & Maher, Cedar Sands, America West, State National Bank of Garfield, and Partners Investment Network, Inc.

ORDER - 1

have not been served and have not answered and Plaintiff's counsel has advised counsel for Defendants Northeast General Partnership, Charles Gambill, Diane Gambill, and Jan-Michael Gambill and counsel for Trustee Defendants Bank of America and Washington Mutual of the Plaintiff's intent to voluntarily dismiss the Trustee Defendants without prejudice and without costs.  None of these Defendants object to the dismissal of Trustee Defendants so long as it is done timely and by way of motion papers prepared by the Plaintiff.

The Motion To Dismiss includes an individual "Trustee Defendant" Jan-Michael Gambill who is also named herein as a party Defendant. The Plaintiff has not specified that it is its intent to only dismiss this Defendant in his "d/b/a/ XK Collectibles" role. A dismissal of an individual, whether named as a Trustee Defendant or as a "d/b/a," could arguably result in the dismissal of all claims against such an individual. The court assumes the Plaintiff seeks to continue Jan-Michael Gambill as a party Defendant.  Upon receipt of this Order counsel for the Plaintiff shall serve and file a short statement as to this issue in order that further litigation thereon does not take up additional time of the court.

Accordingly, **IT IS HEREBY ORDERED** that the conditions set forth in this court's April 26, 2006 Order Dismissing Trustee Defendants have been met and the before mentioned Trustee Defendants shall remain dismissed from this action without prejudice and without costs to any party.

**IT IS SO ORDERED.**  The Clerk of this court shall enter this Order and forward copies to counsel.

**DATED** this 11th day of May 2006.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 2